

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JASON IMBIANO**
Tel.: (212) 356-8766
jimbiano@law.nyc.gov

April 5, 2023

**VIA ECF**
Hon. Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Plaintiff shall file a response to Defendant's letter motion, not to exceed three pages, by **April 13, 2023**.

So Ordered.

Dated: April 6, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:  *U.F. v. N.Y.C. Dep't of Educ.*, 22-cv-7052 (LGS)(JLC)

Dear Judge Schofield:

I am an Assistant Corporation Counsel in the office of Corporation Counsel, the Honorable Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.*, as well as for this action.

I write to respectfully request that Your Honor hold a pre-motion conference on Defendant's request to stay this matter pending the Second Circuit's decision on the Cuddy Law Firm's ("CLF") in tandem appeals, *i.e., H.C. v. N.Y.C. Dep't of Educ.*, 21-cv-1582, or, in the alternative, deem this letter motion a formal motion and stay this matter.[1] Plaintiff does not consent to this request. This is the first request to stay the case, and poses no prejudice to Plaintiff whatsoever, as liability is not in dispute. Plaintiff has indicated to Defendant that CLF will only consent to stay a case pending before Judge Cronan. *See* email attached.

As Your Honor may be aware, Defendant served Plaintiff with a fully valued written offer of $27,000.00 on November 21, 2022 pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(D). Plaintiff did not accept that offer. Defendant will not present any further offer of settlement in this case, and anticipates that the offer will operate as a "fee cap" against further recovery as of the date it was served, as is the trend in these CLF fees applications. *See e.g. V.W. v. N.Y.C. Dep't of Educ.,* 21-cv-6495 (PGG)(KHP)(S.D.N.Y. Mar. 23, 2023), *N.A. v. N.Y.C. Dep't of Educ.,* 21-cv-2643(PGG)(SLC) (S.D.N.Y. Dec. 15, 2022); *B.C. v. N.Y.C. Dep't of Educ.,* 21-cv-2840(ER) (S.D.N.Y. Mar. 1, 2023).

---

[1] Defendant filed a nearly identical letter motion seeking a stay in *N.G. v. N.Y.C. Dep't of Educ.*, 21-cv-8488(PGG)(JLC).

Judicial economy and preservation of the parties' resources would be greatly served by the requested stay. The instant motion for fees implicates several legal issues, including, *inter alia*, attorneys' hourly rates; these issues are fully presented in the nearly sixteen identical cases on *in tandem* appeal at the Second Circuit (*see H.C.*, 21-cv-1582) all of which concern judgments on CLF IDEA fees motions. For that reason, Judge Cronan on Wednesday, March 22, 2023, stayed another CLF IDEA fees motion (*Y.S. v. N.Y.C. Dep't of Educ.*, 21-cv-5878 (JPC)):

> This motion implicates a couple of legal issues that are substantively identical to issues that are now pending on appeal before the Second Circuit in a number of appeals that will be heard in tandem. […]
>
> And let me mention what the two main issues that the Second Circuit may be resolving are. The first issue, to summarize, involves whether a school district's unreasonable protraction of a final resolution of an action or proceedings under the IDEA require a full award of fees sought under the interplay of various sections of 20 U.S. Code 1415(i)(3). […]
>
> And the second issue involved the appropriate rates that the Cuddy Law Firm should be awarded for its work in these IDEA cases, and that includes what the rate in the prevailing community for its work should be and, in substance, the Cuddy Law Firm is arguing that the range of awards that have been granted in this district is simply too low.
>
> So in the interests of judicial economy and to promote efficient use of the parties' resources, I determine that it is appropriate for me to wait for guidance from the Second Circuit on these issues before addressing them in the pending motion before me.

*See Y.S.,* 21-cv-5878 (March 22, 2023 Tr. at 3) annexed hereto.

Over the past two weeks, four additional IDEA fees-only actions have been stayed pending the Circuit's decision in *H.C.* Those stays, all of which adopted Judge Cronan's reasoning, support Defendant's request in this case:

- On April 3, 2023, in *M.B. v. N.Y.C. Dep't of Educ.,* 22-cv-6405(JPC)(SN) Judge Cronan endorsed Defendant's objection to Magistrate Judge Netburn's denial of Defendant's motion for a stay, giving CLF until April 7, 2023 to "explain why the Court should treat this case differently than in Y.S."
- On March 30, 2023, in *T.P. v. N.Y.C. Dep't of Educ.*, 22-cv-9413 (PAE)(RWL) Judge Engelmayer granted Defendant's motion for a stay pending Second Circuit's decision in *H.C.* (ECF No. 17).
- On March 28, 2023 in *S.M. v. N.Y.C. Dep't of Educ.,* 22-cv-7051(VEC)(BCM), Magistrate Judge Barbara C. Moses granted Defendant's motion for a stay.
- On March 24, 2023, in *Y.S. v. N.Y.C. Dep't of Educ.*, 21-cv-10963(JPO)(OTW), Magistrate Judge Wang granting Defendant's motion for a stay pending Second Circuit's decision in *H.C.* (ECF No. 21), citing Judge Cronan's (unrelated) *Y.S.* stay Order.

Indeed, if granted, the parties will have a far higher likelihood of achieving settlement in this case (and many others)—even though it has been fully briefed--once the Circuit issues the *H.C. et al.* decision. Defendant notes that the parties will be guided by Your Honor's two Opinions in CLF IDEA fees cases, *i.e.*, *M.D.,* 21-cv-9180 and *S.J.,* 20-cv-1922, together with the expected guidance

from the Circuit—which Defendant believes will likely be a summary affirmance of all 16 cases in the *H.C.* appeal, to resolve this case rather than Your Honor needing to issue yet another Opinion on a CLF fees motion.  We believe CLF will be persuaded to request that the offer be put back on the table, which Defendant would of course consider at that time.

A stay will also prevent Plaintiffs from finding it necessary to appeal the final decision (as Plaintiffs represented by CLF inevitably do) only to burden the Circuit with the need to remand and stay the case pending the same *in tandem* appeal.  A stay will also not only preserve the Court's time and resources, but will prevent CLF from simply churning another set of substantially identical motion papers containing copy-and-paste recycled arguments for the purpose of generating additional billable hours.

Accordingly, Defendant respectfully requests that Your Honor hold a pre-motion conference on Defendant's request to stay this matter, including Your Honor's decision on the fees motion, pending the Second Circuit's decision in *H.C. et al.,* or, alternatively, issue a stay of this matter, and require "*the parties to submit a joint letter to [the Court] within two weeks of any Second Circuit appeal resolving a fee petition from the Cuddy Law Firm in an IDEA case.*" *See* Judge Cronan's Order, Ex. A at 6. (emphasis added).

Thank you for considering this request.

Respectfully submitted,

/s/
Jason Imbiano
Assistant Corporation Counsel

cc:     Kevin Mendillo (via ECF)